FILED
2016 Feb-03 PM 12:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

FILED
2016 FEB -2  P 1: 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MONTAGUE MINNIFIELD ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | JURY TRIAL REQUESTED |
| CITY OF BIRMINGHAM ) | |
| DEPARTMENT OF POLICE; ) | |
| SERGEANT HEATH BOACKLE ) | CV-16-SGC-0196-S |
| Individually and in his official ) | |
| capacity as Sergeant, ) | |
| Defendant. ) | |

## COMPLAINT

### I. Jurisdiction

1. This suit is authorized and instituted pursuant to 42 U.S.C. §2000, et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the aforementioned statutes. The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights secured by 42 U.S.C. §2000, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 providing for injunctive and other relief against race discrimination and retaliation.

## II. Parties

2. Plaintiff, Montague Minnifield ("Minnifield"), is an African-American citizen of the United States, and a resident of Jefferson County, Alabama. Minnifield was employed as a police officer for the Defendant City of Birmingham Police Department ("BPD") from 1997 until 2015 and all relevant times hereto. Minnifield fulfilled all conditions precedent to this Title VII action, having filed his EEOC charge within 180 days of the last discriminatory act and having filed this lawsuit within 90 days of receiving his Right-to-Sue letter.

3. Defendant City of Birmingham Police Department was Minnifield's Title VII employer and also is subject to suit under 42 U.S.C. § 1981 and § 1983.

4. Defendant Heath Boackle, in his official capacity, was Minnifield's indirect supervisor and is an entity subject to suit under 42 U.S.C. §§ 1981 and 1983. Minnifield contends that there existed a working environment which is racially hostile work environment for employees working in the BPD as well as a custom or policy of retaliation against employees who complain in good faith about racial discrimination. Minnifield also alleges racial discrimination under both Title VII and the Equal Protection Clause against all Defendants.

5. Defendant Boackle is named as a Defendant in his individual and official capacity and as such is subject to suit under 42 U.S.C. §§ 1981 and 1983. Defendant Boackle has discriminated against Minnifield on the basis of his race and taken numerous retaliatory actions against Minnifield.

### III. Causes of Action

A. **Plaintiff Montague Minnifield**

**Racial Discrimination and Retaliation in Employment**

6. Plaintiff realleges and incorporate by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. Plaintiff Minnifield began his employment at the Birmingham Police Department in 1997 as a patrol officer. Minnifield is a male and has been subjected to racial discrimination and retaliation from his supervisors at the Birmingham Police Department.

8. On April 19th, 2012 and July 13th, 2012 the Traffic/ Tactical Swat Unit conducted assessments for future vacancies in the Unit. These vacancies were posted in a job announcement posting per policy. The requirements were a participant had to have an interview, pass all parts of the physical assessment including the 90% score on the firearms course, and pass the Birmingham Police Department Swat School. Candidates were informed that those who met this standard would be placed on a list to fill vacant positions for 1 year. In September 2012 an announcement was made that the SRT K-9 Unit of the Traffic/Tactical Swat Unit was accepting applications to fill vacant Patrol K-9 slots which were only available to members already in the Tactical Unit and who had successfully completed the requirements, and Minnifield submitted his application. Between 2012 and 2013, three announcements were made for job openings in this Unit. On June 21st, 2013 Minnifield was informed by a supervisor that three Patrol K-9 slots were filled by 3 white candidates who

did not meet the posted requirements by Sgt. Heath Boackle. Minnifield attempted several conferences with his Chain of Command to discuss this issue, but did not receive any written correspondence or verbal explanation as to how this process has led to three Caucasian males being placed in positions for which they lacked the posted qualifications, while Minnifield was denied the position despite the fact that Minnifield possess the necessary perquisite requirements. Minnifield had repeatedly attempted to ascertain why the Birmingham Police Department Command Staff fail to follow, and continued to refuse to follow, their own Policies and Procedures, especially in light of the race of the individuals who have benefitted from this departure from those policies and Minnifield did receive assurance from Sgt. Heath Boackle that the next assignment for that Unit would be between him and another Black member of the Tactical Unit of which neither received the position.

9. As a result of Plaintiff Minnifield complaints of discrimination, he had been the subject of repeated retaliatory acts by Sergeant Heath Boackle and other supervisors. He has been denied certain benefits and privileges of his employment granted to non-complaining employees, including seniority rights, and Plaintiff has been the subject of numerous disciplinary actions, under circumstances where non-complaining officers were not the subject of disciplinary action.

10. There existed, a retaliatory work environment at the Birmingham Police Department which affects black officers who complain of racial discrimination. The retaliatory environment includes, but is not limited to, the exclusion of persons who complain of discrimination from receiving promotions, transfers, or shift changes; the disciplining of Minnifield and other officers for complaining of racial discrimination; refusal to respond or to take corrective action when complaints of discrimination are made

concerning all of the above actions; and retaliation against Minnifield and any individuals who complain about the discriminatory treatment described above. Minnifield has made prior good faith internal complaints of racial harassment and retaliation, and has filed several EEOC charges against the Birmingham Police Department. Minnifield alleges that he has been retaliated against with respect to his job assignments, disciplinary actions including write-ups and attempted suspensions, and other terms and conditions of his employment. Systematic harassment exists at the Birmingham Police Department. The discriminatory and retaliatory environment described above affected Minnifield's ability to perform his job duties.

11. Minnifield alleges that he has been the subject of numerous disciplinary actions in retaliation for his previous complaints of discrimination and retaliation which is a protected activity under Title VII and the Equal Protection Clause, and the Defendants' conduct clearly violates 42 U.S.C. § 1981 and §1983, as well as Title VII. Plaintiff further contends that the Defendants' articulated reasons for taking said actions are pretexual.

12. Plaintiff Minnifield alleges that the conduct described above violates 42 U.S.C. §1981 and § 1983 as well as Title VII. Plaintiff Minnifield alleges that the actions of the Defendant in discriminating and/or retaliating against him were carried out with malice and/or reckless indifference to his federally protected rights, thereby entitling him to punitive damages.

13. Because of the Defendants' willful and/or reckless retaliation against Plaintiff Minnifield, he has suffered embarrassment, humiliation, mental anguish, physical disabilities, as well as pecuniary loss.

14. Plaintiff Minnifield alleges that the Defendants have engaged in a pattern and

practice of retaliation against employees who have engaged in protected activities under Title VII and 42 U.S.C. § 1981 as well as those who have opposed unlawful discrimination.

### IV. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a)    Issue a declaratory judgement that the employment policies and practices, conditions, and customs of the Defendants are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000, § U.S.C. §§ 1981 and 1983.

b)    Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and the Defendants' request for continuing to violate 42 U.S.C. §2000, § 42 U.S.C. §§ 1981 and 1983.

c)    Enter an Order requiring the Defendants to make the Plaintiff whole by back-pay (plus interest), compensatory and punitive damages against the appropriate Defendants, and other fringe benefits he would have been entitled to in the absence of discrimination and retaliation.

d)    The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of cost and expenses.

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL STRUCK BY JURY.**

Respectfully submitted,

_____
Montague Minnifield Pro Se
321 Aaron Drive
Birmingham, Alabama 35215
Phone Number: 205.401.1050


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**
City of Birmingham
c/o City Clerk
710 20ᵗʰ St N
Birmingham, AL 35203


Sergeant Heath Boackle
City of Birmingham Department of Police
1710 First Avenue North
Birmingham, Alabama 35203