IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONTAGUE MINNIFIELD,     ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | CIVIL ACTION NUMBER |
| ) | 2:16-CV-196- MHH |
| CITY OF BIRMINGHAM,     ) | **<u>OPPOSED</u>** |
| ALABAMA, et al     ) | |
| ) | |
|     Defendant.     ) | |

**DEFENDANTS' CITY OF BIRMINGHAM AND
HEATH BOACKLE'S MOTION TO STRIKE**

**COMES NOW** the Defendants, the City of Birmingham ("*City*") and Heath Boackle or Sgt. Boackle) and hereby moves this Court to strike the affidavits [*Plaintiff's Exhibits 34, 43-46*] submitted by Plaintiff Montague Minnifield ("*Plaintiff*" or "*Minnifield*") as evidence in support of his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment [Doc. 56]. Undersigned counsel for the Defendants contacted counsel for the Plaintiff regarding the filing of the Motion to Strike, and counsel for the Plaintiff advised she would oppose the motion. In support of its motion, Defendant states as follows:

## I.     INTRODUCTION

Plaintiff's deposition testimony and the undisputed record evidence fail to create any genuine issue of material fact [**PX-1**].  Thus, Plaintiff offers four affidavits consisting of speculative and inadmissible statements to try to bolster his Opposition to Defendants' Motion for Summary Judgment ("*Opposition*") [**Doc. 43**].  These affidavits are due to be stricken in whole or in part because they are: (i) irrelevant; (ii) hearsay; (iii) conclusory and lacking foundation not based on personal knowledge; (iv) not the best evidence; and (v) contrary to prior deposition testimony.

## II.     GROUNDS

The Federal Rules of Civil Procedure require that affidavits or declarations used to support or oppose summary judgment be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated.  Fed.R.Civ. P. 56(c)(4). There are five grounds on which all or portions of the affidavits submitted by Plaintiff as evidence in support of his Opposition cannot be considered in opposition to summary judgment:

1.     Evidence containing **hearsay** is inadmissible.[1]

---

[1] See Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999); Pritchard v. S. Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996); Powers v. CSX Transp., Inc., 97 F. Supp. 2d 1297, 1308 n.1 (S.D. Ala. 2000) (granting Defendant's motion to strike unauthenticated documents containing

2.  Conclusory, speculative, and/or opinion evidence **lacking foundation** is inadmissible.[2]

3.  Evidence that does not constitute the **best evidence** is inadmissible. See Fed.R.Evid. 1001.

4.  Evidence that is **irrelevant and/or immaterial** under Fed. R. Evid. 401 is inadmissible.[3]

5.  Evidence that **contradicts prior sworn testimony** is inadmissible.[4]

### III.  ARGUMENT

**A.  Inadmissible Evidence in the Affidavit of Ron Jennings and Alex Thomas, [Plaintiff's Exhibit 34].**

1.  Both affidavits of Ron Jennings and Alex Thomas are identical in that they state, "If that's the position they told you, you had, and you had to wait on a

---

hearsay); Gore v. GTE S., Inc., 917 F. Supp. 1564, 1570 (M.D. Ala. 1996) ("[A]ffidavits proffered in opposition to a motion for summary judgment must be based on personal knowledge….").

[2] See Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (affidavits in opposition to a motion for summary judgment containing conclusory allegations without specific facts to support such allegations have no probative value); Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (affidavits containing conclusory arguments unsupported by specific facts or those not based on personal knowledge must be stricken); CMS Indus., Inc. v. L.P.S. Int'l., Ltd., 643 F.2d 289, 295 (5th Cir. Unit B Apr. 1981) (speculative statements cannot be considered at summary judgment stage).

[3] See Fed R. Evid. 401, 402, 403.

[4] See Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1983) (stating that a party cannot create issues of material fact by submitting an affidavit that "merely contradicts, without explanation, previously given sworn testimony").

lot to open for two years, and now that position is open. Then yes you should have that slot and you shouldn't have to settle for the motorscout position since what you went for is available, and you shouldn't have to compete for it if that's what you were told." This statement is inadmissible hearsay.

2. Plaintiff is using these affidavits to substantiate being denied a previous motorscout position that was resolved in a previous lawsuit. (***Exhibit 1- Order of Judge Karen Bowdre***).

3. Plaintiff ultimately received the motorscout positon and these affidavits are inadmissible hearsay as well as irrelevant to this current litigation.

B. **Inadmissible Evidence in the Affidavit of James Lyons ("Lyons") [*PX-43* ]**

This affidavit is due to be stricken for numerous reasons. For example:

1. Paragraph 3 of his Affidavit [*PX-43*] states that Mr. Lyons heard Sgt. Onree Pruitt state numerous times in roll call since Officer Minnifield's assignment to the Unit in Oct. 2009-2011 that he was sent to the Unit for TSA K-9 as well as the next in line to receive it.

2. Paragraph 3 is inadmissible hearsay. Plaintiff is trying to present Mr. Lyon's statement as evidence of truth.

3. Additionally, the time frame of Oct.2009-2011 is outside the scope of this litigation.

4. The TSA-Position that is regarding this lawsuit is a 2015 position that James Lyons has no personal knowledge of.

5. Mr. Lyons signed this Affidavit on September 10, 2013.

6. Paragraph 4 is inadmissible hearsay and does not apply to the facts of this case. Furthermore, any statements made by Sgt. Onree Pruitt to Lieutenant Theophilus Smith, that James Lyons did not have first-hand knowledge of is irrelevant and inadmissible.

7. Paragraph 5 is irrelevant and immaterial as it does not relate to this case.

8. Paragraph 6 is inadmissible hearsay and is regarding a time frame that is outside the scope of this litigation and has been resolved in previous litigation (***Exhibit 1- Order of Judge Karen Bowdre***).

9. Paragraphs 7-9 are irrelevant and immaterial.

10. Paragraph 10 is irrelevant as it relates to Minnifield and the statement, " I heard Lt. James Blanton make the statement that, "I was told that I was sent over here to keep down the confusion and to stop all of this non sense of sending all of these grievances up to the Mayor's office and that if I did that Moody said that I would make Capt." is inadmissible hearsay. Minnifield is using this affidavit to bolster his argument in his response to summary

judgment that he was targeted by Lt. Blanton and others for filing grievances. This statement regardless of hearsay, is still inadmissible and irrelevant in that Minnifield was not directly named. Plaintiff's argument based off of this statement is pure speculation and conjecture.

11. Paragraph 11 which states, " I heard when Officer Montague Minnifield told Sgt. Onree Pruitt that he wanted to come off the entry team since he was informed that the K-9 Unit had stated that they would not participate in this function if he remained on the team. I heard when Officer Minnifield told Sgt. Onree Pruitt that he would continue to train with the entry team to help out and when the K-9 Unit showed up for the training he would leave, which Sgt. Onree Pruitt agreed then came to roll call the next week and stated Officer Montague Minnifield was no longer on the entry team, although the K-9 Unit had not returned as the agreement laid out by Officer Montague Minnifield to Sgt. Onree Pruitt." Is inadmissible hearsay. Mr. Lyons does not have first-hand personal knowledge of this incident.

12. Paragraphs 12 -13 are irrelevant in that it relates to following proper chain of command and does not deal with anything other than proper protocol.

13. Paragraphs 14 -16 are irrelevant and inadmissible hearsay.

14. Paragraph 15 as it refers to a statement made by Officer Metz Davis stating, "I know my ass is too fat and out of shape to ever pass swat school and that

all I want to do is to drive the swat bus since that's not a swat position." Is inadmissible hearsay. Plaintiff is purporting to use this statement to suggest that Officer Metz Davis was not SWAT.

C.  **Inadmissible Evidence in the Affidavit of Ronald Jennings (PX-44)**

1.  Paragraphs 3,5,6,11,12,13 of Ronald Jennings Affidavit are identical to paragraphs 4,5,9,12,13 &15 are identical to James Lyons and for the same reasons above are due to be stricken

2.  Additionally, paragraph 4 is irrelevant and inadmissible as having nothing to do with this litigation. Furthermore, Ronald Jennings states, "I heard when Sgt. John Callahan called Officer Montague Minnifield on the radio and asked his location when our Unit had been dismantled to get breakfast, soon after Sgt. John Callahan asked me if I wanted to be a rover, which led to Officer Montague Minnifield swapping positions with myself by order of Sgt. John Callahan when Officer Montague Minnifield returned from breakfast with his Burger King" is hearsay and should be stricken due to Mr., Jennings not having personal knowledge.

3.  Paragraph 7 is also due to be stricken because it involved a meeting that took place on January 8, 2012 involving Deputy Chief Moody Duff making a statement to Officer Minnifield that, "because you filed a Grievance and

EEOC complaint, that no movement would take place on the motorscout position." And Officer Minnifield allegedly stating that he had filed a "grievance and EEOC Complaint about the TSA-K9 position" is inadmissible hearsay and should be stricken.

4. Additionally, Paragraph 10 should be stricken as hearsay.

D. **Inadmissible Evidence in the Affidavit of Kimball Karmondi ("Karmondi") [PX-45 ]**

1. Paragraphs 3, 6, 7, 8 of Kimball Karmondi Affidavit ("*Karmondi Affidavit*") are identical to 3,6 , 11, 12 of Affidavit of Ronald Jennings [*PX-44*] and for the same reasons set forth above, are due to be stricken.

2. Paragraphs 4 is due to be stricken as irrelevant and inadmissible hearsay. Kimball Karmondi is using the statement of, "when I was present in the meeting at the Tactical Headquarters involving Deputy Chief Moody Duff in September 2011 when he singled out Officer Montague Minnifield and heard when he stated the Tahoe's are gone, they've been reassigned to the supervisors, and Minnifield this ain't a democracy" to exemplify that Minnifield was singled out against the department. However, this statement is pure speculation and conjecture and is inadmissible and irrelevant and due to be stricken.

3.  Paragraph 5 is also due to be stricken as it is irrelevant and immaterial and has no bearing on this litigation.

### E. Inadmissible Evidence in the Affidavit of Timothy Edwards [PX-46]

1.  Paragraphs 3,4,6,7 of Timothy Edwards' Affidavit is identical to paragraphs 3, 4, 5 & 6 of the Affidavit of Kimball Karmondi and are due to be stricken for the same reasons as set out above.

2.  Paragraph 5 is due to be dismissed as inadmissible hearsay.  Timothy Edwards admits that he, "heard when Sgt. John Callahan called Officer Montague Minnifield on the radio and asked his location when our Unit had been dismissed to get breakfast. Upon Officer Montague Minnifield's return his assignment was swapped with Officer Ronald Jennings."  Timothy Edwards had no first hand personal knowledge.  Regardless, this statement is immaterial and irrelevant.

3.  Paragraph 8 is due to be stricken as inadmissible hearsay.  Timothy Edwards had no firsthand personal knowledge of the events described in paragraph 8 and only relies on the statements told to him by Officer Minnifield. Additionally any statement purportedly made by Chief Roper and theirs in this paragraph is also inadmissible as hearsay.

4. Paragraph 9 is identical to paragraph 10 in the Affidavit of Ronald Jennings (***Exh. 44*** ) and for the reasons set forth in Jennings is due to be stricken.

5. Paragraph 10 is identical to Jennings' paragraph 13 and for the same reasons set forth above is due to be stricken.

6. Paragraph 11 is identical to paragraph 11 in Jennings' Affidavit and is also due to be stricken for same reasons as above.

7. Paragraph 12 is identical to paragraph 12 in Jennings' Affidavit and is also due to be stricken.

8. Paragraph 13 is due to be stricken in its entirety as inadmissible hearsay.

**WHEREFORE, PREMISES CONSIDERED**, the City of Birmingham respectfully requests that the Court grant Defendants' Motion to Strike and strike the inadmissible documents submitted by the Plaintiff in support of his Brief in Opposition to Defendant's Motion for Summary Judgment.

        Respectfully submitted,

        *s/Nicole E. King*
        Nicole E. King, Assistant City Attorney

**OF COUNSEL:**
*City of Birmingham Department of Law*
710 N 20th Street - Room 600
Birmingham, Alabama 35203
(205) 254-2369 (Office)

## **CERTIFICATE OF SERVICE**

I hereby certify that on *November 30, 2017*, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Patricia A. Gill, Esq.
>Attorney for the Plaintiff
>***Patricia A. Gill, P.C.***
>Post Office Box 55304
>Birmingham, AL 35255
>Telephone: (205) 307-9555
>Email: patriciagill@yahoo.com

>*s/Nicole E. King*
>OF COUNSEL