# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MONTAGUE MINNIFIELD,** ) | |
|     Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| **v.** ) | |
| ) | **2:16-CV-00196-MHH** |
| **CITY OF BIRMINGHAM,** ) | **OPPOSED** |
|     Defendants. ) | |

## PLAINTIFF'S MOTION TO SEVER CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21 and ENTER A FINAL JUDGMENT AS TO THE RETALIATION CLAIM ONLY UNDER RULE 54(b)

COMES NOW, the plaintiff, Montague Minnifield, by and through his counsel of record, and requests this Honorable Court to sever the race discrimination claim and the retaliation claim under Rule 21 of the Federal Rules of Civil Procedure. As grounds for said motion the Plaintiff states the following,

1. The parties appeared for trial from November 27, 2023, through December 7, 2023.

2. At the conclusion of the trial, on December 7, 2023, the jury rendered a verdict in favor of the Plaintiff, Minnifield on his retaliation claim.

3. The same day, the jury did not render a unanimous verdict for either party on the race discrimination claim.

4. Because there was a hung jury on the second claim the plaintiff requested a partial judgment, and the City requested a full mistrial on all claims.

5. After the jury rendered its verdict, the parties have conferred about how to handle the pending claim of race discrimination.

6. The Plaintiff does not wish to pursue the second claim of race discrimination.

7. The City wishes to preserve appellate issues relating to its request for a full mistrial.

8. The Plaintiff has agreed to the defendant preserving any appellate issues in efforts to settle the pending race discrimination claim.

9. But the City is unwilling to enter a joint stipulation for dismissal for only the pending race discrimination claim for those purposes listed above.

10. And the Plaintiff cannot agree to enter a voluntary dismissal of the pending claim only as Rule 41(a) refers to "the whole case" instead of particular claims. *Perry v. Schumacher Grp. Of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Of course, Plaintiff does <u>not</u> agree to dismiss the retaliation claim upon which he received a verdict.

11. In Chief Justice Pryor's concurrence in *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1236 (11th Cir. 2020), he addresses this exact issue wherein litigants seek finality.

12. Chief Justice Pryor stated he wrote separately to underscore the widespread problems that Federal Rule of Civil Procedure 41(a) creates in finality

doctrine and to highlight better ways for many litigants to secure appellate review of decisions that resolve only some of their claims. *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1236.

13. Chief Justice Pryor suggested in efforts to circumvent Rule 41(a), courts can designate decisions as final under Rule 54(b) which allows district courts to "direct the entry of a final judgement *as to one or more, but fewer than all claims or parties*" if they find "*there is no just reason for the delay*". *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1237.

14. Chief Justice Pryor quotes *Perry*, 891 F,3d at 958, "[I]t is likely that a plaintiff would have little trouble [satisfying Rule 54(b)] where…the nucleus of her multi-claim…suit has been destroyed and she is now faced with committing the time and expense of trying only one claim against only one defendant". *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1237.

15. Here there is no just reason for the delay. While the Plaintiff's claims of race discrimination are not destroyed, a portion of the damages (lost wages) may be duplicative and Minnifield is now faced with committing the time and expense of trying only one claim against the City. Minnifield no longer wishes to pursue the pending claim of race discrimination.

16. Alternatively, district courts may sever a party's remaining claims. Federal Rule of Civil Procedure 21 states a court, upon motion or on its own may,

*at any time*, may sever any claim against any party. FRCP 21 (emphasis added). The severed claims would "proceed as a discrete suit and result[] in [their] own final judgment from which appeal may be taken". *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1237 (citing *Hoffman v. De Marchena Kaluche & Associados*, 642 F.3d 995, 998 (11th Cir. 2011). As with Rule 54(b), Rule 21 can form the basis for appeal. *Corley v. Long Lewis, Inc., 965 F.3d 1222*, 1237 (citing *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010)("[i]t was no abuse of discretion to sever the claims so that Saperstein could proceed to trial on his FTA claim and that the Mergis could take an immediate appeal for the dismissal of their claims").

17. The district court has great discretion when utilizing Rule 21. *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045-46 (11th Cir. 1986).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Honorable Court to sever the race discrimination and retaliation claims under Rule 21 and enter a final judgment under Rule 54(b) on the retaliation claim.

                                        Respectfully submitted,

                                        /s/ Patricia A. Gill
                                        Patricia A. Gill
                                        Attorney for Plaintiff

OF COUNSEL:

BARRETT & FARAHANY
2 20th Street North, Suite 900
Birmingham, AL 35203
(205) 390-1953 – voice
teampag@justiceatwork.com

                                        /s/ Heather Newsom Leonard
                                        Heather Newsom Leonard
                                        Attorney for Plaintiff

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421 – voice
Heather@HeatherLeonardPC.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 26th day of February, 2024.

    Nicole E. King
    City of Birmingham Law Department
    600 City Hall
    710 North 20th Street
    Birmingham, AL 35203

    Elizabeth H. Huntley
    William H. Morrow
    Lightfoot Franklin
    The Clark Building
    400 20th Street North
    Birmingham, AL 35203

                                          /s/ _Patricia A. Gill_____
                                          OF COUNSEL